**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL C. HUGHES,

    Defendant-Appellant.

No. 05-3271
(District of Kansas)
(D.C. No. 03-CR-20087-01-JWL)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

On June 30, 2000, defendant-appellant Michael C. Hughes pleaded guilty to a charge of attempted possession of cocaine with intent to distribute. Sentence

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was imposed by the United States District Court for the Western District of Missouri and Hughes was confined under that sentence at the Federal Correctional Institution in Florence, Colorado. Hughes was released from the Colorado facility on March 13, 2003, and instructed to report to Correctional Systems, Inc., a halfway house in Leavenworth, Kansas. Hughes failed to report as required. An indictment was returned on July 23, 2003, charging escape, in violation of 18 U.S.C. §§ 751(a) and 4082(a).

Hughes pleaded guilty to the escape charge and a Presentence Investigation Report ("PSR") was prepared. The PSR arrived at a total offense level of seven which, when coupled with a criminal history category of VI, resulted in a sentencing guideline range of fifteen to twenty-one months. Acting through counsel, Hughes filed a Sentencing Memorandum informing the district court that a closed-head injury he sustained approximately fifteen years earlier affected his memory and comprehension. He asked the court to take the injury into account when it determined an appropriate sentence. Hughes also filed a *pro se* motion for a downward departure pursuant to USSG § 5K2.13, arguing his injury impaired his memory, judgment, and ability to concentrate. The district court held a sentencing hearing at which it heard evidence relating, *inter alia*, to Hughes' head injury. After considering the evidence and the arguments of both parties, the district court sentenced Hughes to fifteen months' imprisonment, the

low end of the guidelines range. Hughes then filed this appeal, challenging the sentence imposed by the district court as unreasonable. *See United States v. Booker*, 125 S. Ct. 738, 765-67 (2005).

Because Hughes was sentenced after *Booker,* this court will not reverse his sentence "if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation omitted). We conduct our review with guidance from the factors listed in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 766.

Hughes argues that the sentence imposed by the district court is unreasonable because the court failed to properly take his head injury into consideration. This argument is wholly unsupported by the record which clearly demonstrates the district court fully considered Hughes' head injury when it arrived at the sentence. Before imposing sentence, the court stated,

> I think there's a heck of an argument to be made here that if I totally ignored the head-injury issue this would be a high-end-of-the-guidelines range or even an upward-departure case because of underrepresenting criminal history, because the number of criminal history points are so high they are almost double what I think it would take to get a Criminal History VI to begin with.

The court then engaged in an in-depth analysis of the factors set forth in 18 U.S.C. § 3553(a) before sentencing Hughes to the *low end* of the guidelines range. As part of that analysis, the court characterized Hughes' crime of

conviction as "very serious," and expressed concern that Hughes' extensive criminal history indicated a lack of respect for the law.

Because the record demonstrates the district court not only properly considered Hughes' head injury, but also fully considered all the § 3553(a) factors, Hughes has failed to demonstrate that his sentence is unreasonable. Accordingly, we **affirm** the sentence imposed by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge